COHEN, SEGLIAS, PALLAS,
GREENHALL & FURMAN, PC
Steven D. Usdin, Esquire
Nella M. Bloom, Esquire (NB3891)
30 South 17th Street, 19th Floor
Philadelphia, PA 19103
Tel: (215) 564-1700
Fax: (215) 564-3066
Email:  susdin@cohenseglias.com
        nbloom@cohenseglias.com


UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In re: | |
|---|---|
| NEW JERSEY MOTORSPORTS PARK, LLC,<br>                                Debtor | Chapter 11<br><br>Case No. |
| In re:<br><br>NEW JERSEY MOTORSPORTS PARK OPERATING COMPANY, LLC,<br>                                Debtor | Chapter 11<br><br>Case No. |
| In re:<br><br>NEW JERSEY MOTORSPORTS PARK URBAN RENEWAL, LLC,<br>                                Debtor | Chapter 11<br><br>Case No. |
| In re:<br><br>NEW JERSEY MOTORSPORTS PARK DEVELOPMENT ASSOCIATES, LLC,<br>                                Debtor | Chapter 11<br><br>Case No. |

**CERTIFICATION IN SUPPORT OF MOTION FOR AN ORDER (A) AUTHORIZING INTERIM AND PERMANENT USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. § 364(c); (B) SCHEDULING FINAL HEARING AND PRESCRIBING FORM AND MANNER OF NOTICE; <u>AND (C) GRANTING RELATED RELIEF</u>**


New Jersey Motorsports Park, LLC ("NJMP"), New Jersey Motorsports Park Operating Company, LLC ("Operating"), New Jersey Motorsports Park Urban Renewal, LLC ("Urban Renewal"), and New Jersey Motorsports Park Development Associates, LLC ("Development")

1

(collectively the "Debtors"), hereby move this Court for an Order (A) Authorizing Interim and Permanent Use of Cash Collateral and Granting Adequate Protection Pursuant to 11 U.S.C. § 364(c); (B) Scheduling Final Hearing and Prescribing Form and Manner of Notice; and (C) Granting Related Relief (the "Motion"). In support of this Motion, the Debtors respectfully aver as follows:

## JURISDICTIONAL STATEMENT

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. sections 157 and 1334. Venue is proper pursuant to 28 U.S.C. sections 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. section 157(b)(2). The statutory predicates for the relief requested herein are sections 105, 361, 362, 363, and 364 of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 4001. For purposes of this Motion, the relief requested herein is intended to apply for the period after the filing date.

## FACTUAL BACKGROUND

2. The Debtors filed four (4) voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court"). The Debtors are in possession of their assets and are operating their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Debtor NJMP is in the motorsports industry, and hosts spectator racing events, as well as renting its racetrack and operating a world-class go-karting facility, hosting local, national and international karting competitions. NJMP also operates the concessions, restaurant, hospitality suites, and other facilities at the racetrack facility. Debtor Operating is wholly owned by NJMP. Debtor Urban Renewal is wholly owned by NJMP and owns the real estate where the racetrack and associated facilities are located (the "Real Estate"). Debtor Development is also wholly

2

owned by NJMP, and currently owns certain condominium improvements on the Real Estate, the Villa Trackside Townhouses (the "Villas").

4. The Debtors' primary lender is Merrill Lynch Mortgage Capital Inc. (the "Lender"). The Lender has a lien on the Debtors' cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral").

## RELIEF REQUESTED

5. By this Motion, the Debtors seek authority to use the Cash Collateral, and provide adequate protection to secured creditors asserting an interest in such cash collateral. The Debtors seek interim use of Cash Collateral pending a final hearing on this Motion.

6. Section 105(a) of the Bankruptcy Code provides that the Court may issue any order "necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtors' use of Cash Collateral as permitted by this Motion is essential to its ability to successfully reorganize. Moreover, section 363(c)(2) of the Bankruptcy Code provides that the Debtor may not use, sell or lease Cash Collateral unless "(a) each entity that has an interest in such cash collateral consents; or (b) the court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2).

7. Federal Rule of Bankruptcy Procedure 4001(b) provides that a final hearing on a motion to use cash collateral pursuant to section 363 of the Bankruptcy Code may not be commenced earlier than fourteen (14) days after service of such motion. Generally, however, the Court is empowered, upon request, to conduct a preliminary hearing on the motion and authorize the restricted use of cash collateral to the extent necessary to avoid immediate and irreparable damage to the debtor's estate.

3

8. In order to avoid immediate and irreparable harm to the Debtors' estate spending a final hearing on this Motion, the Debtors require the interim use of Cash Collateral for approximately a four (4) week period to pay, among other things, payroll, utilities, taxes, insurance and other ordinary business costs and expenses.

9. The Debtors have a pressing and immediate need for the use of cash collateral in part because the anticipated beginning of their racing season is only a few days from the Petition Date. Before that date, in order to operate the Real Estate for the scheduled races, the Debtors must ensure that all insurance is paid in full and that their emergency medical technician service provider, Millville Rescue Squad ("MRS"), is paid in full. Without the payment of these essential services, the racetrack cannot, by law, operate.

10. In addition, the Debtors need the use of their cash for services associated with the operation of the racetracks, which themselves generate revenue. The Debtors operate the concessions, hospitality suites, and restaurant. These services must be restocked with products so that they can operate from the beginning of racing season onward. Without the use of the cash, the Debtors will lose income that would otherwise be generated from sales associated with the operation of these concessions.

11. Prior to the Petition Date, the Debtors began working cooperatively with the Lender to determine whether their obligations pursuant to the loan could be restructured. Discussions between the Lender and the Debtors resulted in the drafting of a Plan Term Sheet, a Facilities Term Sheet, and a Funding Term Sheet. These three Term Sheets will have the effect of restructuring the Debtors' current obligation, and eliminating approximately $10 million worth of secured debt on the Real Property. Additionally, pursuant to discussions with the Lender, the Debtors obtained a commitment from another entity, NEI Motorsports, LLC ("NEI"), to provide

a cash infusion of at least $2 million, in exchange for an equity interest in the reorganized NJMP. NEI is an entity comprised partly of investors in NJMP; the Debtors will therefore seek leave of Court to engage in a *LaSalle*-type auction sale at the appropriate time. The proposed actions in the Debtors' bankruptcy cases will have the effect of restructuring the Debtors' secured debt, obtaining an infusion of much-needed capital from new investors, and reorganizing the financial structure of the Debtors' businesses. The Debtors anticipate that these bankruptcy cases will also have the effect of allowing them to continue operations seamlessly through the racing season and focus management's efforts in managing their businesses. The Debtors and the Lender anticipate that the bankruptcy cases can be resolved very quickly and cooperatively.

12. For the foregoing reasons, the Debtors believe, and therefore aver, that the Lender is adequately protected for any Cash Collateral that the Debtors may use. As adequate protection for any interest in Cash Collateral which the Lender has, the Debtor is willing to grant replacement liens in the Debtors' post-petition Cash Collateral, to the same extent, priority and validity as their respective pre-petition liens, if any, and only to the extent that the Debtors diminish such Cash Collateral. The proposed replacement liens will provide sufficient adequate protection to prevent any diminution in value to the respective secured creditors.

13. The Debtors and the Lender have come to an agreement regarding the use of their Cash Collateral, which agreement (the "Consent Order") is attached hereto as "Exhibit A."

14. Moreover, the Debtors and the Lender have agreed that the Debtors will use the Cash Collateral in accordance with the proposed budget attached hereto as "Exhibit B." This proposed budget covers an initial twenty-four (24) week period. The Debtors believe, and therefore aver, that their proposed use of the Cash Collateral is absolutely essential for their continued operations and is therefore in the best interest of their creditors and bankruptcy estates.

5

15. Attached to this Motion as "Exhibit C" is the "Certificate of Consent Regarding Consent Order (A) Authorizing Interim and Permanent Use of Cash Collateral and Granting Adequate Protection Pursuant to 11 U.S.C. § 364(c); (B) Scheduling Final Hearing and Prescribing Form and Manner of Notice; and (C) Granting Related Relief" (the "Certificate of Consent"). By way of the submission of this Certificate of Consent, the Debtors and the Lender show their agreement to the terms of the Debtors' use of Cash Collateral.

## NOTICE

16. No trustee, examiner or creditors committee has been appointed in this case. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey; (ii) (the "Lender"); (iii) MRS; (iv) counsel to any Official Unsecured Creditors' Committee appointed in these cases, or the twenty (20) largest unsecured creditors of the Debtors, if an Official Unsecured Creditors' Committee has not been appointed; and (v) other government agencies to the extent required by the Bankruptcy Rules and the Local Rules, including any parties specifically effected by the relief sought herein. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

17. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that this Court enter an Order, in the form attached, authorizing the Debtors' use of Cash Collateral on an emergency interim basis and, following a final hearing on this Motion, authorizing the Debtors to utilize Cash Collateral on a permanent basis without further order of Court, and granting such other relief as the Court may deem appropriate.

                            Respectfully Submitted,

                            By:  /s/ Lee Brahin
                                   **Lee Brahin, Co-Managing Member,**
                                   **New Jersey Motorsports Park, LLC**

DATED: March 7, 2011