**ARTHUR J. ABRAMOWITZ (AA3724)**
**ERIC L. SCHERLING (ES9236)**
**COZEN O'CONNOR**
 A Pennsylvania Professional Corporation
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5000

Counsel for Ovations Food Services, LP

| | |
|---|---|
| In re: : | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| NEW JERSEY MOTORSPORTS PARK, LLC, et al.,[1] : | Chapter 11 |
| : | |
| Debtors. : | Case No. 11-16752 (JHW) |
| : | |
| : | (Jointly Administered) |

## MOTION FOR RELIEF FROM STAY

Ovations Food Services, L.P. ("Ovations"), by its undersigned counsel, hereby files this motion for relief from the automatic stay (the "Motion") so as to permit Ovations to take possession of certain equipment and other property to which Ovations holds title, but which is presently in the possession of debtor New Jersey Motorsports Park, LLC ("NJMP").  In support of this Motion, Ovations respectfully avers as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

---

[1] In addition to New Jersey Motorsports Park, LLC, the affiliated debtors are New Jersey Motorsports Operating Company, LLC (Case No. 11-16772), New Jersey Motorsports Park Urban Renewal, LLC (Case No. 11-16778), and New Jersey Motorsports Park Development Associates, LLC (Case No. 11-16776).

3. This motion is brought pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

4. On March 7, 2011, NJMP filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. NJMP is operating is business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. As of the date hereof, no trustee or statutory committee has been appointed.

5. NJMP owns and operates a motor sports park known as New Jersey Motorsports Park (the "Facility"), which is located in Millville, NJ.

6. Ovations is in the business of managing and operating food, beverage, novelties, and merchandise concessions services and catering services at indoor and outdoor single and multi-purpose facilities.

7. Pursuant to a Concessions Agreement, dated as of June 28, 2007 (the "Concessions Agreement"), NJMP granted to Ovations the right and privilege to manage and operate the food, beverage, novelties and merchandise concessions and catering services at the Facility. In addition, Savaro, Inc. t/a Thunderbolt Raceway ("Savaro"), which maintains a liquor license, granted to Ovations the right and privilege to manage, as agent on behalf of Savaro, the sale of alcoholic beverages at the Facility. A copy of the Concessions Agreement is attached as Exhibit "A" hereto and incorporated herein by reference.

8. Pursuant to Article 8 of the Concessions Agreement, Ovations made an investment of One Million Dollars ($1,000,000)(the "Investment") at the Facility towards food, beverage and merchandise capital improvements, smallwares, concession trailers and concession

2

equipment, including design fees, architectural fees, consulting fees, and general contractor fees (collectively, the "Concession Improvements").

9. Ovations purchased the Concession Improvements directly, and the parties agreed that Ovations will own all such Concession Improvements until payment of the Buyout Amount (as defined in the Concessions Agreement and herein). Specifically, Section 8.1(b) of the Concessions Agreement provides that upon an early termination, for any reason, of the Concessions Agreement, NJMP is required, in exchange for clear and unencumbered title to the Concession Improvements, to immediately pay to Ovations the unamortized amount of the Investment (the "Buyout Amount").

10. Until such time as NJMP has paid the Buyout Amount to Ovations, title to Concession Improvements shall remain vested in Ovations, and in the event NJMP fails to pay the Buyout Amount upon termination of the Concessions Agreement, Ovations has the right, at its sole option, to (a) continue to perform concession and catering services at the Facility and be paid for such services as provided thereunder, notwithstanding termination of the Concessions Agreement, and/or (b) peacefully reenter the Facility, with or without process of law, and remove in a commercially reasonable manner the Concession Improvements remaining at the Facility and retain or dispose of such Concession Improvements as Ovations sees fit. Title to the Concession Improvements at the Facility does not become vested in NJMP until NJMP pays the Buyout Amount to Ovations. See Concessions Agreement, § 8(b).

11. The Concessions Agreement was terminated on or about October 20, 2008 (the "Termination Date"). Pursuant to the Concessions Agreement, certain amounts were due and owing to Ovations as of the Termination Date.

3

12. On or about August 7, 2009, Ovations and NJMP entered into a letter agreement (the "Letter Agreement"), in which the parties set forth their agreement that as of August 7, 2009, NJMP owed the aggregate amount of $1,233,877.64 (the "Indebtedness") to Ovations under the Concession Agreement. A copy of the Letter Agreement is attached as "Exhibit B" hereto and incorporated herein by reference.

13. In the Letter Agreement, NJMP acknowledged and confirmed that, as provided by Article 8 of the Concessions Agreement, until such time as the Indebtedness and all interest accruing thereon is paid to Ovations in full, Ovations is the sole owner of the equipment and improvements (the "Equipment") purchased with the Investment, that upon the occurrence of an event of default Ovations has the right to remove the Equipment and retain or dispose of the Equipment as Ovations sees fit, and that NJMP shall not permit any liens to attach to such Equipment. See Letter Agreement, p. 2.

14. The Letter Agreement also provided that NJMP would purchase from Ovations a certain truck identified therein (the "Vehicle") for a purchase price of $21,000 (the "Vehicle Purchase Price"), which purchase price would be paid in three (3) equal installments of $7,000 each, in the manner more fully set forth in the Letter Agreement.

15. As of the date hereof, NJMP is delinquent in its payments on the Indebtedness and the Vehicle Purchase Price. As a result, title to the Equipment and the Vehicle remains vested in Ovations, and Ovations has the right to remove the Equipment and the Vehicle from the Facility.

**RELIEF REQUESTED**

16. By this Motion, Ovations seeks an order, pursuant to section 362(d) of the Bankruptcy Code, granting relief from the automatic stay to permit Ovations, at its discretion, to

remove the Equipment and the Vehicle from the possession or custody of NJMP and retain or dispose of such Equipment and Vehicle as Ovations sees fit.

### BASIS FOR RELIEF

17. Section 362(a) of the Bankruptcy Code prohibits, among other things, any act to obtain possession of property from the estate. 11 U.S.C. § 362(a)(3). Therefore, while Ovations undisputedly owns title to the Equipment and the Vehicle, Ovations may not reclaim possession of its property from NJMP without relief from the automatic stay.

18. Section 362(d) of the Bankruptcy Code provides that, on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Ovations is entitled to relief from the automatic stay because NJMP, notwithstanding its current possession of the Equipment and the Vehicle, has no right to retention of the Equipment and the Vehicle. Ovations is the sole owner of the Equipment and the Vehicle, and it is entitled to the return of its property.

### NOTICE

19. Notice of this Motion has been provided to: (a) the Debtor; (b) counsel for the Debtor; (c) the United States Trustee; and (d) creditors having requested notices pursuant to Bankruptcy Rule 2002.

5

WHEREFORE, Ovations respectfully requests that the Court enter an Order substantially in the form attached to the Motion, and grant such other relief as it deems appropriate.

Dated:  March 14, 2011

                                  COZEN O' CONNOR, PC

                              By:  /s/ Arthur J. Abramowitz
                                  Arthur J. Abramowitz
                                  Eric L. Scherling
                                  LibertyView, Suite 300
                                  457 Haddonfield Road
                                  Cherry Hill, NJ 08002
                                  (856) 910-5004
                                  (856) 910-5075 (fax)
                                  Counsel for Ovations Food Services, LP