LAW OFFICES OF DIMITRI L. KARAPELOU, LLC
Dimitri L. Karapelou, Esquire
1600 Market Street, 25th Floor
Philadelphia, PA 19103
Tel: (215) 391-4312
Fax: (215) 391-4390
Email: dkarapelou@karapeloulaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In re: | Chapter 11 |
|---|---|
| NEW JERSEY MOTORSPORTS PARK, LLC, *et al.*, | Case No. 11-16752 JHW |
| Debtors | Jointly Administered |

## CERTIFICATION IN SUPPORT OF MOTION TO APPROVE PAYMENT OF OVERBID AS AN ADMINISTRATIVE EXPENSE PURSUANT TO 11 U.S.C. § 503

NEI Motorsports, LLC ("NEI"), by and through its undersigned counsel, hereby moves this Court for the entry of an Order to Approve Payment of Overbid as an Administrative Expense Pursuant to 11 U.S.C. § 503 (the "Motion"). In support of the Motion, NEI respectfully represents as follows:

### JURISDICTIONAL STATEMENT

1. This Court has jurisdiction of this Motion pursuant to 28 U.S.C. Sections 157(b) and 1334. The statutory predicate for relief is Section 503 of Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") and Local Bankruptcy Rule 3003-2.

### FACTUAL BACKGROUND

2. On March 7, 2011, New Jersey Motorsports Park, LLC ("NJMP"); New Jersey Motorsports Park Operating Company, LLC ("Operating"); New Jersey Motorsports Park Development Associates, LLC ("Development"); and New Jersey Motorsports Park Urban Renewal, LLC ("Urban") (collectively, the "Debtors") filed four (4) voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court

for the District of New Jersey (the "Court"). The Debtors are in possession of their assets and are operating their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On March 11, 2011, the Bankruptcy Court entered an Order granting the joint administration of the Debtors' cases.

4. The Debtors' primary lender is Merrill Lynch Mortgage Capital Inc. (the "Lender"). The Lender has a lien on the Debtors' cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral").

5. The Debtors are in the business of operating a motorsports racetrack, as well as developing residential real estate.

6. NJMP is owned 38.4165% by New Jersey Motorsports Park Holding Company, LLC ("Holdings") and 61.5835% by ML Green, LLC ("ML Green"). Holdings is owned 86% by New Jersey Motorsports Park Associates, LLC ("Associates") and 14% by Thunderbolt Investment Partners, LLC ("Thunderbolt"). Associates is owned, in part, by Lee F. Brahin (52.874%), Norman Cahan (an owner of Cahan Investment Company, LP, and Cahan & Associates, each of which own 2.325%), and Harvey Siegel (an owner of Siegel Investors, LLC, which owns 36.674%). Thunderbird is owned by Dana Martin (22.22%), Peter Bassett (22.22%), RJ Valentine (33.34%), and Ira Goldberg (an owner of Longview Investment, LLC, which owns 22.22%).

7. The Debtors seek to obtain a cash infusion in order to carry them through this racing season, to fund their Plan of Reorganization, and to satisfy certain other obligations. In order to obtain this infusion, the Debtors will seek to sell 100% of the equity interests in the reorganized debtor NJMP (the "Reorganized Interests").

8. Prior to filing their petitions, the Debtors entered into an agreement with the Lender and NEI regarding a proposed sale of the Reorganized Interests in NJMP to NEI and ML Green. This agreement was set forth in certain documents submitted pursuant to the Debtors' first-day motions; particularly, the Plan Term Sheet, Funding Term Sheet, and Facilities Term Sheet appended to the Debtors' motion for the use of cash collateral (docket no. 5).

9. Pursuant to that agreement, and prior to the Petition Date, NEI agreed that it would provide satisfactory evidence to the Lender of its ability to pay the consideration to the Lender on the Effective Date. *See* Final Order (I) Authorizing Use of Cash Collateral and (II) Granting Related Relief, ¶ 7(n), docket no. 98 (entered April 12, 2011).

10. On April 25, 2011, the Debtors filed a Motion for Approval Sale and Auction Procedures, Notice Procedures and Break-Up Fee Provisions in Connection With Proposed Disposition of Reorganized Interests (the "Bidding Procedures Motion") (docket no. 117).

11. In the Bidding Procedures Motion, the Debtors set forth a stalking horse bid which has been submitted jointly by NEI and the Lender.

12. The Bidding Procedures Motion provides that the Debtors seek to sell 100% of the equity interests in the reorganized NJMP (the "Reorganized Interests").

13. In relevant part, the Bidding Procedures Motion further provides that the stalking horse offer of NEI and the Lender is that NEI will make a cash payment of not less than $2,000,000.00 (the "Funding"), to be used to fund certain obligations of the Debtors pursuant to the Debtors' plan, including a proposed distribution of $500,000.00 to the Debtors' general unsecured creditors. Further, the Lender shall reduce its secured debt from an amount in excess of $30 million to a total secured debt of $20,000,000.00, plus an equity interest in NJMP valued at $500,000.00. In exchange for the Funding, the Bidding Procedures Motion provides, *inter*

*alia,* that the Lender shall receive 19.9% of the Reorganized Interests, and that NEI shall receive 80.1% of the Reorganized Interests, and shall transfer 2.30764% of the Reorganized Interests to Holdings and 3.69236% to ML Green.

14. The proposed owners of NEI fall into two classes: the Lightning Investment Partners and the P47 Investment Partners. The Lightning Investment Partners consist of Darius Grala, Garrett Kletjian, Mark Greenberg, Ira Goldberg, Dana Martin, Peter Bassett, and RJ Valentine. The P47 Investment Partners consist of Lee Brahin, Norman Cahan, and Harvey Siegel.

15. NEI and Debtor NJMP share some common ownership. Specifically, Ira Goldberg, Dana Martin, Peter Bassett, RJ Valentine, Lee Brahin, Norman Cahan, and Harvey Siegel are owners (either by direct ownership interests or through their ownership of other entities) of NJMP, and are also proposed owners of NEI.

16. The minimum bid that a qualified bidder would submit for the Reorganized Interests, other than the stalking horse bid, is $23,000,000.00 (the "Minimum Overbid").

**RELIEF REQUESTED**

17. In the event that a bidder other than the Plan Sponsors submits the Prevailing Bid, NEI seeks the payment of $250,000.00 of the Minimum Overbid by the Debtors as a cost reimbursement in order to recoup its expenditures relating to the formulation of its stalking horse bid as an administrative expense of the Debtors' estate (a "Break-Up Fee").

18. In the District of New Jersey, a creditor seeking to recoup administrative expenses may file a Request for Payment of an Administrative Expense pursuant to Local Bankruptcy Rule 3003-2 using Local Form 24.

19. Section 503(b)(1) of the Bankruptcy Code permits an entity to file an administrative claim against a debtor's estate for "the actual, necessary costs of preserving the estate . . ."

20. A break-up fee may be permitted where the party requesting the break-up fee can "show that the fees were actually necessary to preserve the value of the estate." In re O'Brien Environmental Energy, Inc., 181 F.3d 527, 537 (3d Cir. (N.J.) 1999) (holding that a break-up fee is permissible where it induces another bidder to bid, but disallowing a break-up fee that provided no benefit to the debtor's estate). The proposed break-up fee cannot advantage a favored purchaser over any other potential buyer. See In re American Appliance, 272 B.R. 587, 601 (Bankr. D. N.J. 2002) (declining to determine whether a break-up fee was appropriate for a sale that had not yet been consummated where the bank that requested the break-up fee paid a debtor's lease costs to preserve the lease as an asset of the estate and sought to credit bid for the lease).

21. If the stalking horse bid of NEI and the Lender is not determined to be the highest and best offer, however, NEI will have expended considerable time and money in working with the Lender and the Debtors, preparing the stalking horse bid, and amassing the Funding for deposit (which the Lender has determined is satisfactory proof of NEI's ability to go forward with its obligations pursuant to the stalking horse bid), among other expenses.

22. Moreover, NEI's effort in creating the stalking horse bid has added to the perceived value of the Reorganized Interests that are the subject of the auction sale at the heart of the Bidding Procedures Motion. The Reorganized Interests are a unique asset in the marketplace for two reasons. First, the Reorganized Interests are shares of stock in an existing debtor entity, NJMP, and do not entitle a potential purchaser to obtain goods, land, or fixtures. Second, NJMP operates a motorsports park, including racetracks, concessions, real property, and commercial sales; as well as a residential real estate development project through Development. This type of

asset portfolio is unique not only in the region, but also in the marketplace, because motorsports parks tend not to develop real property (and vice versa).

23. Allowing NEI to obtain $250,000.00 of the Minimum Overbid as an administrative expense in the form of a break-up fee is therefore justified in the event that the stalking horse bid is not ultimately the successful bid. NEI has preserved – and added—value to the Debtors' estate in formulating, preparing, and participating in the stalking horse bid, by showing the marketplace that there is significant value in the Reorganized Interests. Without NEI's efforts on behalf of the Debtors to create the stalking horse bid, it is probable that such a unique asset as the Reorganized Interests would be undervalued at auction.

WHEREFORE, NEI respectfully requests that this Court grant this Motion, and allow NEI to obtain $250,000.00 of the Minimum Overbid as an administrative expense; and enter the Order in the form affixed hereto, granting the relief sought herein and such other relief as is just and proper.

Respectfully Submitted,

By: _____

**Dimitri L. Karapelou, Esquire**
**Law Offices of Dimitri L. Karapelou, LLC**
**1600 Market Street, 25th Floor**
**Philadelphia, PA 19103**
**Attorney for NEI Motorsports, LLC**

**DATED:    June 14, 2011**